UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JACK MORGAN,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )    No. 2:25-cv-00309-MPB-MJD
                                      )
WOOD,                                 )
SECREST,                              )
MUNCY,                                )
                                      )
          Defendants.                 )

**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Defendants have filed a motion to stay the proceedings during the pendency of Plaintiff's interlocutory appeal of an order denying his motion for a preliminary injunction and temporary restraining order.  [Dkt. 67.]  For the reasons explained below, the motion is **DENIED**.

**I. Background**

*Pro se* Plaintiff Jack Morgan is currently a prisoner at USP Coleman II.  This lawsuit alleges that prison officials unlawfully denied his request for a kosher diet during his earlier incarceration at USP Terre Haute.  He filed the lawsuit in June 2025.  [Dkt. 1.]  His original complaint was initially dismissed for failure to state a claim, but upon reconsideration the Court identified a viable claim against Chaplain Wood under the Religious Freedom Restoration Act ("RFRA").  [Dkts. 14, 20.]

In his answer, Chaplain Wood raised the affirmative defense of failure to exhaust available administrative remedies.  [Dkt. 40 at ¶ 15.]  The Court then stayed all proceedings that were unrelated to the exhaustion defense and set a deadline for the Parties to complete discovery

on the exhaustion defense.  [Dkt. 41.]  Exhaustion discovery closed on June 8, 2026.  [Dkt. 57.]

Chaplain Wood states that there are genuine disputes of material fact precluding summary

judgment on the exhaustion defense and has requested a *Pavey* hearing to resolve those disputes.

[Dkt. 56.]

On June 25, 2026, the Court issued an order screening the amended complaint.  [Dkt. 59.]

In that order, the Court identified RFRA claims against Chaplain Wood and against additional

Defendants Secrest and Muncy.  *Id.* at 4.  All other claims and Defendants were dismissed.

*Id.* at 3-5.  Defendants Secrest and Muncy were served on June 29 but have not yet appeared.

[Dkts. 62, 63.]

Following the order screening the amended complaint, Plaintiff filed a motion to

reconsider.  [Dkt. 65.]  In that motion, Plaintiff challenges the dismissal of certain claims in the

order screening the amended complaint.  *Id.*

Earlier in this lawsuit, Plaintiff filed a notice of appeal challenging the Court's order

denying his motion for preliminary injunction and temporary restraining order.  [Dkt. 27

(challenging order at Dkt. 20).]  His appeal has been dismissed and reopened multiple times.

[Dkts. 36, 49, 58, 66.]  The most recent order from the Seventh Circuit Court of Appeals was

issued on July 23, 2026.  [Dkt. 66.]  That order granted Plaintiff's request to recall the mandate

and reinstated his appeal under case no. 26-1057.  *Id.*  At this time, the threshold issue before the

appellate court is whether Plaintiff may proceed on appeal *in forma pauperis*.  *Id.*

The issue presently before this Court is Chaplain Wood's motion to stay all proceedings

in this case during the pendency of Plaintiff's interlocutory appeal.  [Dkt. 67.]  That would

include staying Defendants' deadline to answer or otherwise respond to the amended complaint,

staying briefing on the motion to reconsider, staying proceedings related to the exhaustion defense, and potentially staying liability discovery following a *Pavey* hearing.

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). An appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.  This is so for appeals concerning preliminary injunction. *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006).

In considering a stay request, the Court should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).  Moreover, "[c]ourts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (internal quotations omitted).

## III. Discovery

Defendants' request for **a general stay of proceedings is denied**.  The Court sees no reason to delay this case during the pendency of Plaintiff's appeal challenging the denial his motion for preliminary injunction and temporary restraining order.  Appealing the denial of a motion for preliminary injunction does not serve as a jurisdictional bar to discovery, and courts often deny such motions to stay as a matter of discretion. *See Wisconsin Mut. Ins. Co.*, 441 F.3d at 504; *see also*, *e.g.*, *Indiana State Conference of National Association for Advancement of*

*Colored People v. Lawson*, 2018 WL 4853567 (S.D. Ind. Oct. 5, 2018); *Backpage.com, LLC v. Dart*, 2015 WL 12868238 (N.D. Ill. Oct. 9, 2015); *Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, 2013 WL 12233948 (W.D. Wisc. Aug. 15, 2013). Further, this case was filed more than one year ago, the exhaustion defense has not been resolved, liability discovery has not begun, and two of the Defendants have yet to appear or file a pleading of any kind. The appeal itself will not resolve or streamline the issues that are currently before the Court, and a general stay would unduly delay the proceedings.

Defendants' request to stay briefing on Plaintiff's motion to reconsider is also **denied**. [Dkt. 65.] The Court construes that motion as a request to reconsider claims that were dismissed in the order screening the amended complaint, rather than a request to reconsider the earlier denial of his motion for preliminary injunction, as Defendant argues in his motion. Thus, there is no jurisdictional bar to the Court ruling on that motion after it is fully briefed.

### IV. Conclusion

Defendants' motion to stay the proceedings during the pendency of Plaintiff's interlocutory appeal is **DENIED**. [Dkt. 67.] The Defendants shall answer or otherwise respond to the amended complaint by **August 28, 2026**. *See* Fed. R. Civ. P. 12(a)(2), (3). Defendants shall also respond to Plaintiff's motion to reconsider, [Dkt. 65], on or before **August 28, 2026**.

SO ORDERED.

Dated: 5 AUG 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

All ECF-registered counsel of record via email

JACK MORGAN
COLEMAN II U.S. PENITENTIARY
COLEMAN - MEDIUM FCI
COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521